IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT BRUNING and SHARON BRUNING, a married couple;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OMAHA, NEBRASKA,<br><br>Defendant. | 8:18CV287<br><br>MEMORANDUM AND ORDER |

This matter is before the Court once again on the Motion for Summary Judgment filed by Defendant City of Omaha, ECF No. 41, and the Motion for Partial Summary Judgment filed by Plaintiffs Robert Bruning and Sharon Bruning, ECF No. 44. For the following reasons, the City's Motion will be granted.

## BACKGROUND

The facts were more fully set out in the Court's earlier Memorandum and Order appearing at ECF No. 59. A brief summary follows:

In 1979, the Brunings purchased property in Omaha, Nebraska. It was zoned for agricultural use when they purchased it, and it remains so today. The Brunings currently live on the property and rent buildings on the property to various businesses.

In 2015, in response to a complaint brought by a neighbor of the Brunings, the City opened an investigation into the Brunings' property. The City concluded the property was in violation of its agricultural-use zoning. The Brunings applied for a variance and the application was rejected by the City's Zoning Board of Appeals. The Brunings appealed the decision of the Zoning Board of Appeals to the District Court for Douglas County and

the Nebraska Supreme Court, and both courts affirmed the decision of the Zoning Board of Appeals. *Bruning v. City of Omaha Zoning Bd. of Appeals*, 927 N.W.2d 366 (Neb. 2019).

On July 22, 2018, the Brunings brought this case, claiming the City's actions were unconstitutional and should be equitably estopped. Compl., ECF No. 1. The parties filed cross motions for summary judgment, ECF Nos. 41, 44. The Court entered an order on June 10, 2020, granting summary judgment for the City on all but one of Plaintiffs' claims, and setting the matter for a hearing to determine if there was any genuine issue of material fact to present to a jury.[1]

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "Summary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920,

---

[1] At the hearing, the Court received evidence from the Brunings marked as Exhibits 1-11 and 14, and filed at ECF Nos. 68, 68-1 to 68-11, 69, 69-1. Exhibits 6-11 are videos that were not successfully uploaded to the CM/ECF system, and the Court received them on a flash drive, marked as Exhibit 12, which is maintained with the Clerk of Court. The Court also received evidence from the City, marked as Exhibits 1-3. The Court asked the City to submit the exhibits electronically to the CM/ECF system following the hearing. The City did so, and the exhibits are filed at ECF Nos. 72, 72-1 to 72-3.

923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "the absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 325). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than the mere existence of some alleged factual dispute" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Wagner*, 788 F.3d at 882 (quoting *Torgerson*, 643 F.3d at 1042). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue of material fact" for trial and summary judgment is appropriate. *Whitney*, 826 F.3d at 1076 (quoting *Grage v. N. States Power Co.-Minn.*, 813 F.3d 1051, 1052 (8th Cir. 2015)).

## DISCUSSION

The only claim remaining in this action is Plaintiffs' class-of-one claim, alleging the City enforced its zoning ordinances more strictly against them than against owners of other similar properties, with no rational basis. To succeed on a class-of-one claim, a plaintiff must show that "a defendant intentionally treated her differently from others who are similarly situated and that no rational basis existed for the difference in treatment." *Mathers v. Wright*, 636 F.3d 396, 399 (8th Cir. 2011) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000); *Costello v. Mitchell Pub. Sch. Dist. 79*, 266 F.3d 916 (8th Cir. 2001)).[2]

The Brunings provided a list of ten properties they argue are similarly situated to their own. They assert they were treated differently because the City sent them an email notice giving them five days to vacate their property, whereas the City gave owners of the comparator properties thirty days to cease and desist violative operations.

---

[2] Although Plaintiffs appear to bring their class-of-one claim under 42 U.S.C. §§ 1981 and 1982 rather than § 1983, the same standard applies. *See Gallagher v. Magner*, 619 F.3d 823, 839 (8th Cir. 2010) ("[C]laims pursuant to 42 U.S.C. §§ 1981, 1982, and 1985 . . . require a showing of discriminatory intent."); *see also Flowers v. City of Minneapolis*, 558 F.3d 794, 800 (8th Cir. 2009) ("[A plaintiff] may pursue a § 1981 claim against the City only through § 1983 . . . .").

Assuming, without deciding, that the comparator properties were similarly situated and that the Brunings were treated differently from the owners of the comparator properties, the Brunings' equal protection rights were not violated if the City had a rational basis for such treatment. The City argues that the email was not itself a notice to vacate, but a notice to the Brunings that if they did not respond to the City's requests, they would receive a notice to vacate. The City argues that this treatment was rational because the Brunings were notified of their property's violation of the zoning ordinance nearly 18 months before the email was sent, and the Brunings had not provided the City with requested information regarding remediations.

The undisputed evidence shows the City received a complaint about the Brunings' property in early 2015. Fanslau Aff., ECF No. 72-1 at Page ID 1902–03. Planning Department Inspector Tim Wees issued a Notice of Violation to the Brunings on March 18, 2015. *Id.* at Page ID 1903; ECF No. 43-3 at Page ID 219. At that point, the Brunings and the City began working to remedy any violations of Omaha's Zoning Ordinances on the property. Almost a year later, in early March 2016, Jay Davis, Assistant Planning Director and Superintendent of the Permits and Inspections Division, and David Fanslau, Assistant Director of the Planning Department, sent letters to the Brunings listing remaining code violations and steps the Brunings needed to take to rectify them. Fanslau Aff., ECF No. 72-1 at Page ID 1906; ECF No. 43-3 at Page ID 213–15. The Brunings met with Planning Department staff in May 2016, and Davis gave them 15 days to submit information addressing and remedying alleged code violations. Fanslau Aff., ECF No. 72-1 at Page ID 1906, 1961. The Brunings did not respond to the letters from Davis and

Fanslau as directed. On November 1, 2016, Davis sent an email to the Brunings' attorney stating:

> There has been no additional contact from your office with regards to this property and the issues have not been resolved.
>
> As such, this email will serve as OFFICIAL NOTICE that all of the buildings and businesses will be served a NOTICE TO VACATE.
>
> Failure to comply with this NOTICE within five (5) days will result in further legal action being taken by the City of Omaha against your client.

ECF No. 43-3 at Page ID 216.

In contrast, the comparator properties were not subject to any complaints until the Brunings raised concerns about them during the City's investigation of the Brunings' property. Following the Brunings' complaints about the comparator properties, the City sent the owners thirty-day cease-and-desist letters to begin communication about the alleged violations.

The City had a rational basis to treat the Brunings differently than the owners of the allegedly similarly situated properties. The Brunings remained in violation of zoning ordinances 18 months after the City received complaints about their property, and they failed to provide the City with information it requested. Therefore, even if the comparator properties were similarly situated to the Brunings' property, the City had a rational basis for treating the Brunings differently and the City is entitled to judgment as a matter of law. Accordingly,

    IT IS ORDERED:

    1. The Motion for Summary Judgment filed by the City of Omaha, ECF No. 41, is granted;

2. The Motion for Partial Summary Judgment filed by the Brunings, ECF No. 44, is denied;

3. The above-captioned action is dismissed, with prejudice; and

4. A separate judgment will be entered.

Dated this 16th day of July 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge